UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Nos. 2:13-CR-34; 2:14-CR-15 |
| ) | |
| DEVIN RAY HORNE ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's *pro se* Motion to Delay Court Order in Regards to Restitution [Doc. 945 in Case No. 2:13-CR-34; Doc. 71 in Case No. 2:14-CR-15] and the Government's Motion to Authorize Payment From Inmate Trust Account [Doc. 74 in Case No. 2:14-CR-15].[1] For the following reasons, the Government's Motion is **GRANTED** and Defendant's Motion is **DENIED**.

In July 2014, Defendant was sentenced to 282 months of imprisonment after pleading guilty to eight total counts, including Conspiracy to Distribute a Quantity of Oxycodone in violation of 21 U.S.C. § 846, 841(a)(1), & 841(b)(1)(C) and Conspiracy to Commit Money Laundering in violation of 18 U.S.C. § 1956(h) & 1956(a)(1)(A)(i). [Doc. 40, at 2–3]. Defendant was also ordered to pay a special assessment of $800.00 and restitution in the amount of $23,451.00. [*Id.* at 6].

Pursuant to the payment schedule set forth by the Inmate Financial Responsibility Program ("IFRP"), Defendant pays $100.00 per month towards his restitution. [Doc. 71, at 1]. In August 2022, Defendant represented to the Court that he had issued a cashier's check in the amount of $1,431.93 to satisfy his outstanding restitution balance. [*See* Docs. 71, 72]. He moved the Court to

---

[1] For ease of reference, all document numbers cited herein will refer to the docket numbering in Case No. 2:14-CR-15 unless otherwise specified.

"delay the release" of funds from his institutional trust fund so that the cashier's check could be sent and deposited, stating that the funds that had been "frozen" in his trust fund to be paid towards his restitution would be covered by the cashier's check. [Doc. 72, at 2]. In sum, Defendant asked the Court to "delay the [restitution] order to have the Bureau [of Prisons] seize" the frozen funds and "allow the institutional check to arrive so [he wouldn't] have to continue overpaying and have to wait on a refund." [Doc. 71, at 2].

Fatally, Defendant provides no "constitutional, statutory or decisional authority for the proposition that a federal district court has the subject matter jurisdiction to micromanage the IFRP." *See United States v. Callan*, 96 Fed. Appx. 299, 301 (6th Cir. 2004). The Court nonetheless waited to see if a cashier's check paying the balance of Defendant's restitution would arrive. As of October 31, 2022, Defendant's case inquiry report did not reflect any payment via cashier's check or otherwise outside of the IFRP towards his restitution balance. To the Court's knowledge, payment in full towards Defendant's restitution still has not been made—the outstanding balance of Defendant's restitution as of March 2023 was $831.93. For these reasons, Defendant's Motion [Doc. 945 in Case No. 2:13-CR-34; Doc. 71 in Case No. 2:14-CR-15] is **DENIED**.

The Government now seeks an order authorizing the Bureau of Prisons ("BOP") to turnover $831.93 to the Clerk of Court as payment towards Defendant's outstanding criminal monetary penalties. [Doc. 74]. In support, the Government states that the Bureau of Prisons currently maintains in its possession, custody, or control approximately $7,680.74 in funds belonging to Defendant. [*Id.* at 2]. The Government relies on 18 U.S.C. §§ 3613 and 3664 as authority for its request. [*Id.* at 3]. The Government also argues that the funds in Defendant's inmate trust account do not fall in any applicable category of exempt property. [*Id.* at 3–4]. Defendant has not responded to the Government's Motion.

2

"If a person obligated to provide restitution . . . receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution . . . still owed." 18 U.S.C. § 3664(n). In addition, "[a]n order of restitution may be enforced by the United States . . . by all . . . available and reasonable means." 18 U.S.C. § 3664(m)(1)(A). Accordingly, the Government's Motion [Doc. 74] is **GRANTED**. The BOP is **AUTHORIZED** to pay to the Clerk of Court the amount of $831.93, or if additional payments have been made by Defendant towards his restitution debt since the filing of the Government's Motion, any lesser outstanding amount towards Defendant's restitution obligation.

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE